IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| 5Star Life Insurance Company and Armed Forces Benefit Association, | ) ) ) ) | C/A No. 2:19-cv-02593 |
| Plaintiffs, | ) ) ) | **ORDER AND OPINION** |
| v. | ) ) | |
| Amy M. Shoemaker Zenner; Thomas Colton Shoemaker; Caleb Mitchum Shoemaker; Ashley Masten Shoemaker in her individual capacity; Ashley Masten Shoemaker as Guardian for C.S., a minor; Ashley Masten Shoemaker as Personal Representative of the Estate of Cameron M. Shoemaker; and Sydney Bruce Shoemaker as Trustee for the Cameron Shoemaker Life Insurance Trust, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Before the Court are Defendants/Cross-Claimants Thomas Colton Shoemaker's and Caleb Mitchum Shoemakers's motion for default judgment, (Dkt. No. 33), and Defendant/Cross Defendant Ashley Masten Shoemaker's, individually, as guardian of C.S., a minor, and as Personal Representative of the Estate of Cameron M. Shoemaker, motion to set aside default, (Dkt No. 41). Thomas Colton Shoemaker and Caleb Mitchum Shoemaker oppose Ashley Masten Shoemaker's motion. (Dkt. No. 42). For the reasons set forth below, the motion to set aside default (Dkt. No. 41) is granted and the motion for default judgment (Dkt. No. 33) is denied.

I.  **Background and Relevant Facts**

According to the allegations of the Complaint, this action involves competing claims by the Defendants as to the proceeds payable, as a result of Cameron M. Shoemaker's death, under

the Better Alternative Group Term Life Insurance Policy No. 1P1970BA (the "Policy"), a life insurance policy issued by Plaintiff Armed Forces Benefit Association and underwritten by Plaintiff 5Star Life Insurance Company (collectively "the Plaintiffs"), issued in 2002 in the amount of $250,000. (Dkt. No. 1 at ¶¶ 3, 17). The Court granted Plaintiffs' motion for interpleader deposit, and Plaintiffs were, *inter alia*, dismissed from this action after depositing the Policy's moneys with the Court. (Dkt. Nos. 16, 22, 23). Defendants Thomas Colton Shoemaker ("Thomas") and Caleb Mitchum Shoemaker ("Caleb") filed a Verified Answer and Cross-Claim on October 3, 2019. (Dkt. No. 7). Thomas and Caleb then filed a Verified Amended Answer and Cross-Claim on October 15, 2019, asserting crossclaims against Defendant Ashley Masten Shoemaker ("Ashley") and Defendant Sydney Bruce Shoemaker, as trustee for the Cameron Shoemaker Life Insurance Trust ("Sydney"). (Dkt. No. 12). Ashley was served the Amended Verified Answer and Cross-Claim on November 12, 2019 and her answer was due December 3, 2019. (Dkt. No. 28). Ashley did not answer, and Thomas and Caleb submitted an Affidavit for Entry of Default. (Dkt. No. 29). The Clerk entered a default against Ashley individually, as guardian of C.S., a minor, and as Personal Representative of the Estate of Cameron M. Shoemaker on December 26, 2019. (Dkt. Nos. 31 & 32). Thomas and Caleb made a motion for the Court to grant default judgement against Ashley on December 31, 2019. (Dkt. No. 33).

Eight days after the entry of default judgment, on January 3, 2020, counsel for Ashley entered a notice of appearance (Dkt. Nos. 36 & 37) and filed an answer to Thomas and Caleb's crossclaims. (Dkt. No. 38).[1] A month went by before, on February 5, 2020, counsel for Ashley made a motion to set aside the default. (Dkt. No. 41).

---

[1] Though Ashley indicates that her answer is to the "cross-claims of Defendant[] Amy M. Shoemaker Zenner," (Dkt. No. 38 at 1), the Court assumes this is a scrivener's error. Amy M. Shoemaker Zenner ("Amy") has not asserted any crossclaims. (Dkt. No. 9). Only Thomas and

-2-

## II. Legal Standard

Under Rule 55(c) of the Federal Rules of Civil Procedure, the Court may set aside an entry of default for good cause. The Fourth Circuit has identified six factors to consider when determining whether to set aside an entry of default: (1) whether the defaulting party has a meritorious defense; (2) whether the defaulting party acted with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-defaulting party; (5) whether the defaulting party has a history of dilatory action; and (6) the availability of sanctions less drastic than default judgment. *Payne ex. Rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006); *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). With regard to the first factor, "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727. "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). In determining whether the circumstances warrant setting aside Ashley's default under Rule 55, "[a]ll of these factors should be applied more leniently [than] when the action is . . . under Rule 60, and the court should always keep an eye toward the preference for meritorious resolutions of disputes." *Colleton Preparatory Acad., Inc. v. Beazer E., Inc.*, 223 F.R.D. 401, 406 (D.S.C. 2004); *Mobil Oil Co. De Venez. v. Parada Jimenez*, 989 F.2d 494, 1993 WL 61863, at *3 (4th Cir. 1993) (unpublished table decision) ("[T]he extreme sanction of judgment by default is reserved only for cases where the party's

---

Caleb have filed crossclaims. (Dkt. No. 12). In fact, Amy has asked to be dismissed from this action because her interests in the Policy were only "due to her being the Guardian and Conservator for" Thomas and Caleb during their childhood, and as Thomas and Caleb are now adults, that interest has "vested." (Dkt. No. 9 at 1-2; Dkt. No. 39). Defendant Sydney has not asserted any crossclaims either. (Dkt. No. 10).

noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court.").

### III. Discussion

Ashley's motion to set aside default consists solely of a notice of motion and the affidavit of her counsel of record, William K. Swope. No memorandum of law is filed. Swope states that Ashley lives in North Carolina, that she is of limited means, that he has never met her in person, and that Ashley's South Carolina state court counsel contacted Swope to help file responses to Thomas and Caleb's crossclaims. (Dkt. No. 41-1 at 1-2). Swope's account is not entirely clear or precise, but it appears that Ashley's state court counsel indicated to Swope that Thomas and Caleb had filed crossclaims against Ashley and Sydney, that neither Ashley nor Sydney had been served, but that Sydney was nevertheless in the process of "filing an answer [to the crossclaims]." (Dkt. No. 41-1 at 2). Swope explains that he began to negotiate fees with Ashley and that, "[b]elieving she had not been served [Thomas and Caleb's crossclaims] . . . was loathe to appear without being fully retained." (*Id.*). On December 31, 2019, however, Swope states he "was informed that my client had apparently been served on or about November 12, 2019. She contacted me to say she had received paperwork, as I had asked her to do." (*Id.*). Swope "filed an answer [on January 3, 2020] on her behalf despite not being fully retained." (*Id.*). Swope concludes that he believes his client "was under the impression that there was no imminent deadlines when we spoke in early December 2019," that she was "mistaken about the November 12 service," and that he was "misinformed by her state court counsel that there were no imminent deadlines." (*Id.*). In her crossclaim answer, Ashley proffers the defense that the Policy specifies she is the beneficiary. (Dkt. No. 38 ¶ 2).

The Court finds the default should be set aside.

First, Ashley has undisputedly established the existence of a meritorious defense. Thomas and Caleb admit as much. (Dkt. No. 42 at 3) ("Defendants Ashley Masten Shoemaker and the Estate of Cameron Mitchell Shoemaker have entered a meritorious defense, though in an untimely manner."). Specifically, Ashley asserts that the Policy includes her as a beneficiary. (Dkt. No. 38 ¶ 2). *See Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."). This factor weighs heavily in Ashley's favor.

Second, the Court finds Ashley acted with reasonable promptness. Namely, within eight days of learning that Ashley had been served, Swope served Ashley's answers to Thomas and Caleb's crossclaims. And within two months of the entry of default, Ashley moved to set aside the default. Thus, this factor weighs in favor of Ashley. *See Vick v. Wong*, 263 F.R.D. 325, 330 (E.D. Va. 2009) (finding that reasonable promptness factor favored setting aside default where defendant did not act for more than two months after entry of default); *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F.Supp.2d 712, 718 (D. Md. 2001) (concluding that defendant acted with reasonable promptness by moving to set aside default slightly over a month after its entry).

Third, Swope's affidavit indicates that, at some unspecified point in the past, he was aware of Thomas and Caleb's crossclaims, agreed to represent Ashley, but then refused to appear, investigate, or follow-up on the matter for a significant period of time because only part of his retainer had been paid. On these facts, Swope is at fault, to some if not to a great degree, for the default. Ashley, however, also appears to have been at fault because despite being served Thomas and Caleb's Amended Answer and Cross-Claims on November 12, 2019, she did not tell her

attorney about the service until December 31, 2019. *See, e.g., Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987) ("[J]ustice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings."). Here, Ashley is not blameless. Thus, this factor weighs, at least to some degree, in favor of Thomas and Caleb.

Fourth, as it pertains to prejudice to Thomas and Caleb, the Court finds both have suffered some limited prejudice. "To determine if a non-defaulting party was prejudiced, courts examine whether the delay: (1) made it impossible for the non-defaulting party to present evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; or (4) was used by the defaulting party to collude or commit a fraud." *Companion Specialy Ins. Co. v. Med James Inc.*, No. 3:15-cv-249, 2015 WL 13817411, at *3 (D.S.C. April 31, 2015). Ashley's failure to timely appear in this action has delayed discovery and mediation. Thus, this factor weighs in favor of Thomas and Caleb, albeit not heavily.

Fifth, there is no history of dilatory conduct on Ashley's part. This factor weighs in favor of Ashley.

Sixth and lastly, the Court finds that setting aside the entry of default against Ashley in this case is necessary to meet the ends of justice and not a drastic sanction under the circumstances. Further, because Ashley's delay in responding is more attributable to her own actions than to those of her attorney, the Court finds it inappropriate to assess sanctions in the form of attorney's fees on Ashley's counsel. *Vick*, 263 F.R.D. at 331 (noting "Courts have commonly imposed alternative monetary sanctions on *attorneys who are responsible* for a party's default") (emphasis added). Importantly, the parties who have answered the Complaint, including Thomas and Caleb, admit

that Defendants have been involved in "no less than six actions and one pending appeal concerning the Policy and/or the potentially related Trust" which have all been "very acrimonious." (Dkt. No. 1 ¶¶ 32, 44; Dkt. No. 12). This dispute must be heard on the merits. The Policy's proceeds are not a windfall to be won on default. Given that four of the six above factors weigh in favor of Ashley, and that the two factors which weigh in favor of Thomas and Caleb do so only slightly, the Court finds Ashley has established "good cause."

## IV. Conclusion

For the reasons set forth above, Defendant/Cross Defendant Ashley Masten Shoemaker's, individually, as Guardian for C.S., and as Personal Representative of the Estate of Cameron M. Shoemaker, Motion to Set Aside Default (Dkt. No. 41) is **GRANTED** and Defendant/Cross-Claimants Thomas Colton Shoemaker's and Caleb Mitchum Shoemakers's Motion for Default Judgement, (Dkt. No. 33), is **DENIED.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 27, 2020
Charleston, South Carolina