## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

5Star Life Insurance Company and Armed )
Forces Benefit Association, )
                                                  )
                                                  )
                       Plaintiffs, )
                                                  )
        v. )
                                                  )
Amy M. Shoemaker Zenner; Thomas )
Colton Shoemaker; Caleb Mitchum )
Shoemaker; Ashley Masten Shoemaker )
in her individual capacity; Ashley )
Masten Shoemaker as Guardian for C.S., )
a minor; Ashley Masten Shoemaker as )
Personal Representative of the Estate of )
Cameron M. Shoemaker; and Sydney )
Bruce Shoemaker as Trustee for the )
Cameron Shoemaker Life Insurance Trust, )
                                                  )
                       Defendants. )

C/A No. 2:19-cv-02593

**ORDER AND OPINION**

Before the Court is Defendant Amy M. Shoemaker Zenner's unopposed motion to be dismissed from this case. (Dkt. No. 39). For the reasons set forth below, the motion is granted.

## I.       Background and Relevant Facts

According to the allegations of the Complaint, this action involves competing claims by the Defendants as to the proceeds payable, as a result of Cameron M. Shoemaker's death, under the Better Alternative Group Term Life Insurance Policy No. 1P1970BA (the "Policy"), a life insurance policy issued by Plaintiff Armed Forces Benefit Association and underwritten by Plaintiff 5Star Life Insurance Company (collectively "the Plaintiffs"), issued in 2002 in the amount of $250,000. (Dkt. No. 1 at ¶¶ 3, 17). The Court granted Plaintiffs' motion for interpleader deposit,

and Plaintiffs were dismissed from this action after depositing the Policy's moneys with the Court. (Dkt. Nos. 16, 22, 23).

Amy M. Shoemaker Zenner ("Amy") filed an answer on October 7, 2019, asserting she should not be a defendant in this action because she "was previously involved due to her being the Guardian and Conservator for Defendants Thomas Shoemaker and Caleb Shoemaker" and "Defendants Thomas Shoemaker and Caleb Shoemaker have reached the age of majority and have become vested in all the rights to the Policy . . . ." (Dkt. No. 9 at 1-2). Defendants Thomas Colton Shoemaker ("Thomas") and Caleb Mitchum Shoemaker ("Caleb") filed a Verified Amended Answer and Cross-Claim on October 15, 2019, asserting crossclaims against Defendant Ashley Masten Shoemaker, individually, as guardian for C.S., a minor, and as personal representative of the Estate of Cameron M. Shoemaker ("Ashley") and Defendant Sydney Bruce Shoemaker, as trustee for the Cameron Shoemaker Life Insurance Trust ("Sydney"). (Dkt. No. 12).[1] Thomas and Caleb did not assert claims against Amy. Sydney did not assert crossclaims and stated he makes "no claim to the money at issue herein." (Dkt. No. 10 at 2). As to Ashley, on December 26, 2019, the Clerk entered a default judgment against her. (Dkt. No. 21). Eight days later, however, counsel for Ashley entered a notice of appearance (Dkt. Nos. 36 & 37) and filed an answer to Thomas and Caleb's crossclaims.[2] Ashley did not assert any crossclaims. (Dkt. No. 38). On February 5, 2020,

---

[1] At this juncture, the Court does not rule on its ability to entertain Thomas and Caleb's crossclaims. *Banner Life Ins. Co. v. Bonney*, No. 2:11cv198, 2011 WL 5027498, at *6 (E.D. Va. 2011) (noting that, in Rule 22 interpleader action, a court must have subject matter jurisdiction over a crossclaim, either on independent grounds or through supplemental jurisdiction, *and* crossclaim must satisfy Rule 13(g)). Rule 13(g) requires the crossclaim "arise[] out of the transaction or occurrence that is the subject matter of the original action or a counterclaim" or that the crossclaim "relate[] to any property that is the subject matter of the original action."

[2] Though Ashley indicated her answer was to the "cross-claims of Defendant[] Amy M. Shoemaker Zenner," (Dkt. No. 38 at 1), the Court assumes this is a scrivener's error. Only Thomas and Caleb have filed crossclaims. (Dkt. No. 12).

counsel for Ashley made a motion to set aside the default, (Dkt. No. 41), which the Court granted, (Dkt. No. 43).

## II.    Discussion

The Court grants Amy's motion to be dismissed from this action because Amy does not assert a right to the interpleader funds. Nor has any party asserted crossclaims against her. Amy is no longer a proper interpleader party or necessary to this action. *See* Fed. R. Civ. P. 22; *Nationwide Mut. Ins. Co. v. Eckman*, 555 F. Supp. 775 (D. Del. 1983) (defendant that asserts no interest in interpleader funds is not a proper party in interpleader action); *see also* Fed. R. Civ. P. 21 (court may dismiss unnecessary parties from litigation); *Martinez v. Duke Energy Corp.*, 130 Fed. Appx. 629, 636 (4th Cir. 2005) ("Rule 21 provides that 'parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.") (citing *Koehler v. Dodwell*, 152 F.3d 304, 308 (4th Cir. 1998)).

## III.    Conclusion

For the reasons set forth above, Defendant Amy M. Shoemaker Zenner's motion to dismiss is **GRANTED** (Dkt. No. 39) and Amy M. Shoemaker Zenner is dismissed as a party defendant.


**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March _11_, 2020
Charleston, South Carolina