# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| 5Star Life Insurance Company and Armed Forces Benefit Association, | ) ) ) | C/A No. 2:19-cv-02593 |
| | ) ) | **ORDER AND OPINION** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Amy M. Shoemaker Zenner; Thomas Colton Mitchum Shoemaker; Caleb Mitchum Shoemaker; Ashley Masten Shoemaker in her individual capacity; Ashley Masten Shoemaker as Guardian for C.S., a minor; Ashley Masten Shoemaker as Personal Representative of the Estate of Cameron M. Shoemaker; and Sydney Bruce Shoemaker as Trustee for the Cameron Shoemaker Life Insurance Trust, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Before the Court are Defendants/Cross-Claimants Thomas Colton Shoemaker's and Caleb Mitchum Shoemaker's motion for reconsideration. (Dkt. No. 44). The motion is denied.

On February 28, 2020, the Court set aside the entry of default against Defendant/Cross Defendant Ashley Masten Shoemaker ("Ashley") and denied Cross-Claimants' motion for default judgment. (Dkt. No. 43).

Cross-Claimants now move the Court to reconsider its setting aside the entry of default. Rule 59(e) of the Federal Rules of Civil Procedure permits a party to move to alter or amend a judgment within twenty-eight days of the judgment's entry. Fed. R. Civ. P. 59(e). "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1)

to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chm. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994) (internal quotation marks omitted). However, "[a] Rule 59(e) motion should not be used as an opportunity to rehash issues already ruled upon because a litigant is displeased with the result." *Cooper v. Spartanburg Sch. Dist. Seven*, No. 7:13-CV-00991-JMC, 2016 WL 7474380, at *2 (D.S.C. Dec. 29, 2016), *aff'd sub nom. Cooper v. Spartanburg Cty. Sch. Dist. No 7*, 693 F. App'x 218 (4th Cir. 2017) (citations omitted).

Cross-Claimants have not identified any change in controlling law or any new evidence not previously available. Instead, they argue that that the Court's ruling was in clear error. Plaintiff's arguments rehash those it already presented to this Court and which this Court analyzed and rejected. The ruling to grant Ashley's motion to set aside default and to deny Cross-Claimants motion for default judgment was not a clear error of law nor was it manifestly unjust.

Accordingly, there is no basis to reconsider the Court's prior order and opinion granting Ashley Masten's Shoemaker's motion to set aside default and denying Cross-Claimants' motion for default judgment. The Court **DENIES** the motion for reconsideration. (Dkt. No. 44).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March **12** 2020
Charleston, South Carolina

-2-